11-4370-cv
Xu-Shen Zhou v. SUNY Inst. of Tech.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of October, two thousand twelve.

PRESENT:   GUIDO CALABRESI,
                       REENA RAGGI,
                       SUSAN L. CARNEY,
                                   *Circuit Judges*.

---------------------------------------------------------------------------------------

XU-SHEN ZHOU,

                                   *Plaintiff-Appellant*,

                       v.                                                         No. 11-4370-cv

STATE UNIVERSITY OF NEW YORK INSTITUTE OF TECHNOLOGY, DR. LISA BERARDINO, personally and in her official capacity, DR. STEPHEN HAVLOVIC, personally and in his official capacity, DR. WILLIAM LANGDON, personally and in his official capacity, DR. PETER SPINA, personally and in his official capacity,
                                   *Defendants-Appellees*.[*]

---------------------------------------------------------------------------------------

FOR APPELLANT:          Ross P. Andrews, Satter & Andrews, LLP, Syracuse, New York.

---

[*]The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLEES:          Denise A. Hartman, Laura Etlinger, Assistant Solicitors General, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 14, 2011, is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings.

Xu-Shen Zhou, a former faculty member of the State University of New York Institute of Technology's ("SUNY IT") School of Business, appeals from an award of summary judgment in favor of defendants SUNY IT, Dr. Lisa Berardino, Dr. Stephen Havlovic, Dr. William Langdon, and Dr. Peter Spina, on his claims of retaliation under 42 U.S.C. § 1981; Title VII, see 42 U.S.C. § 2000e-3(a); and the New York State Human Rights Law ("NYSHRL"), see N.Y. Exec. Law § 296(1)(e). See Xu-Shen Zhou v. SUNY Inst. of Tech., No. 6:08-cv-444, 2011 WL 4344025, at *13 (W.D.N.Y. Sept. 14, 2011).[1] Zhou contends that defendants were not entitled to summary judgment because he introduced sufficient evidence to establish (1) a prima facie case that he was terminated because he complained internally

_____

[1]Because retaliation claims brought under 42 U.S.C. § 1981, Title VII, and the NYSHRL are analyzed according to the same principles, see Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010); Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997), we discuss them collectively. Zhou does not appeal the award of summary judgment to defendants on his discrimination and hostile work environment claims, and we therefore deem them abandoned. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

2

about Langdon's discriminatory treatment of Asian faculty members, and (2) that defendants' purportedly legitimate justification was a pretext for unlawful retaliation. We review an award of summary judgment <u>de novo</u>, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in his favor. <u>See</u> <u>Townsend v. Benjamin Enters., Inc.</u>, 679 F.3d 41, 47 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision.

1. *Prima Facie* Case

The district court concluded that Zhou failed to establish a <u>prima</u> <u>facie</u> case of retaliation because there was insufficient evidence to permit a finding that Zhou engaged in protected conduct known to defendants. <u>See</u> <u>Hicks v. Baines</u>, 593 F.3d 159, 164 (2d Cir. 2010). Zhou contends that this determination was erroneous in light of evidence that he complained to defendant Havlovic, dean of SUNY IT's School of Business, and Anthony Panebianco, Vice President of Human Resources, about (1) Langdon's attempt to coerce Zhou into authoring a paper for Langdon or including Langdon on a paper Zhou wrote, and (2) Langdon's previous attempts to coerce other Asian faculty members in the same manner. <u>See</u> Zhou Decl. ¶ 21, J.A. 493 (stating that Zhou "told Panebianco about Langdon's conduct, made clear that I had felt very intimidated, and told him that Langdon had targeted other Asian faculty in the past to try to get them to list him on their papers"); <u>id.</u> ¶ 23, J.A. 493 (stating that Zhou told Havlovic the same thing he told Panebianco); <u>see also</u> Zhou Dep.

3

179–80, J.A. 263–64 (discussing Zhou's complaint to Panebianco about Langdon's similar attempts to intimidate other Asian faculty members). We agree that Zhou carried his burden to establish a genuine issue that he engaged in protected conduct known to all defendants, except Spina.

Viewed in the light most favorable to Zhou, the evidence shows that he complained internally about a colleague's misconduct that appeared to be motivated by race or national origin. This evidence would permit a jury to find that Langdon attempted to coerce Zhou and two other Asian faculty members into sharing credit for their work in exchange for promises that Langdon would protect them from negative personnel evaluations. Although Zhou's deposition testimony and affidavit about these events could have been more detailed, the limited evidence of Zhou's complaints to his supervisor and a human resources executive about coercion directed at Asian faculty members was sufficient to demonstrate protected conduct. See, e.g., Feingold v. New York, 366 F.3d 138, 145, 156 (2d Cir. 2004) (holding that complaint to supervisor about discrimination was protected conduct under Title VII).

Zhou's failure to use the word "discrimination" in complaining to Panebianco and Havlovic, see Xu-Shen Zhou v. SUNY Inst. of Tech., 2011 WL 4344025, at *13, does not change our analysis. There is no requirement that, to have engaged in protected conduct and thus presented a prima facie claim of retaliation, an employee must have used specific words. Rather, Zhou only needed to put forward evidence showing that he had a good faith belief that the complained-of mistreatment was based on his race or nationality, and that

4

Panebianco and Havlovic were aware that Zhou's complaint was directed at that alleged unlawful conduct. See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998). Zhou's complaints to Panebianco and Havlovic expressly addressed Langdon's harassment of Asian faculty members, which was adequate to demonstrate his good-faith belief that his complaints concerned prohibited discrimination, and to alert Panebianco and Havlovic to the race-based nature of Zhou's protest. We therefore disagree with defendants' contention that, as a matter of law, Zhou's statements to Panebianco and Havlovic that "Langdon had targeted other Asian faculty in the past to try to get them to list him on their papers," Zhou Decl. ¶ 21, J.A. 493, were "too ambiguous" to put them on notice as to Zhou's claim of discriminatory treatment, Appellees' Br. 23. Zhou has adduced sufficient evidence to raise a triable issue of fact on the question of notice to support a necessary trial as to defendants Havlovic and SUNY IT.

We reach the same conclusion as to defendants Berardino, who admitted at her deposition that she knew of Zhou's internal complaints, and Langdon, whom Berardino consulted in the course of conducting the College Wide Committee's review of Zhou's application for renewal of his teaching contract. Viewing Berardino's deposition testimony in the light most favorable to Zhou, and in the context of her significant involvement in Zhou's employment review, which, as we discuss infra, was marked by inconsistencies and irregularities, we determine that the record is sufficient to establish Berardino's and Langdon's awareness of the nature of Zhou's complaint and, thus, to sustain this element of Zhou's prima facie case against them.

5

Nevertheless, defendant Spina is entitled to summary judgment on the claims brought against him in his individual capacity, as nothing in the record indicates that Spina was aware of Zhou's complaints to Panebianco and Havlovic.

Defendants do not contest Zhou's satisfaction of the remaining elements of his prima facie claim, i.e., that he suffered an adverse employment action and that there was a causal connection between his complaints to Panebianco and Havlovic and the decision not to renew Zhou's employment contract. See Hicks v. Baines, 593 F.3d at 164.[2] We therefore do not consider these elements further. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

2.    Pretext

Additionally, the district court determined that Zhou had failed to adduce facts demonstrating that defendants' legitimate, non-retaliatory justifications for not renewing Zhou's teaching contract were a pretext for retaliation. See Hicks v. Baines, 593 F.3d at 164–65 (discussing plaintiff's burden to demonstrate that "retaliatory motive played a part in the adverse employment actions even if it was not the sole cause" (internal quotation marks omitted)). In summary, these justifications included Zhou's low Individual Development and Educational Assessment ("IDEA") scores, which measured Zhou's teaching evaluations by students; student complaints about Zhou's classroom performance;

---

[2] We note that the entry of summary judgment in favor of Spina may affect the causation analysis.

6

and the independent recommendations not to renew Zhou's contract by Havlovic, SUNY IT Vice President Rosemary Mullick, and the Peer Review Committee composed of Zhou's colleagues in the School of Business.  See Xu-Shen Zhou v. SUNY Inst. of Tech., 2011 WL 4344025, at *13.

Zhou contends that he introduced evidence showing that these justifications were not, in fact, the motivating factor for the non-renewal of his contract.  In particular, Zhou emphasizes record evidence showing that the review process for his renewal application was marked by irregularities and that another faculty member with lower average teaching evaluations had her contract renewed while Zhou did not.  See DeMarco v. Holy Cross High Sch., 4 F.3d 166, 171 (2d Cir. 1993) (discussing factors relevant to pretext analysis, including "whether the asserted reason for the challenged action comports with the defendant's policies and rules, whether the rule applied to the plaintiff has been applied uniformly, and whether the putative non-discriminatory purpose was stated only after the allegation of discrimination").  This evidence included:

> (1) Zhou's sworn declaration that before he complained to Havlovic about Langdon, Havlovic had told Zhou that students had given him positive evaluations, and that the student complaints against him were "closed issues," Zhou Decl. ¶ 23, J.A. 493.
>
> (2) The filing of only one more student complaint against Zhou after the first three were deemed closed.
>
> (3) The decision of the School of Business's Peer Review Committee, which included Langdon, to overrule the recommendation of the Personnel Committee to renew Zhou's contract based in part on Langdon's negative comments about Zhou's performance.

7

(4) The fact that at the next step of review before SUNY IT's College Wide Committee, Berardino, who was responsible for assembling Zhou's application for renewal and who was aware of Zhou's complaints to Panebianco and Havlovic, solicited performance feedback from Langdon but did not seek such feedback from other applicants' colleagues.

(5) Berardino's initial presentation to the College Wide Committee, which included information demonstrating Zhou's low IDEA scores, but omitted positive information relating to other criteria relevant to renewing Zhou's contract, such as research, university service, and professional development, which were featured in other applicants' presentations.

(6) The College Wide Committee's criticism of the "paucity and non-representativeness of the information" in the Peer Review Committee's recommendation to deny Zhou's application for renewal, J.A. 519, and its recommendation that, based on a revised presentation by Berardino, Zhou's contract be renewed for one year.

(7) Acknowledgment by a member of the College Wide Committee that the Peer Review Committee included Langdon, who had a "personal conflict" with Zhou. Berardino Decl. ¶ 26, J.A. 380.

(8) Havlovic's independent recommendation not to extend Zhou's contract because of his teaching evaluations, even though the College Wide Committee had recommended renewal and Zhou received higher average IDEA scores than another employee whose contract was renewed.

We do not suggest that these facts would compel a pretext finding in Zhou's favor. We conclude only that, when viewed in the light most favorable to Zhou, they raise a triable issue of fact that a factfinder, after assessing the credibility of the parties and pertinent witnesses, could resolve in Zhou's favor.

8

3.    Conclusion

Accordingly, we conclude that, with the exception of Spina, defendants were not entitled to summary judgment on Zhou's retaliation claims. The judgment of the district court is therefore AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9