14-915-cv
Zhou v. State Univ. of N.Y. Inst. of Tech.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

XU-SHEN ZHOU, a/k/a JASON ZHOU,
         <u>Plaintiff-Appellee</u>,

         -v.-                                    14-915-cv

STATE UNIVERSITY OF NEW YORK INSTITUTE
OF TECHNOLOGY, DR. LISA BERARDINO,
PERSONALLY AND IN HER OFFICIAL
CAPACITY, DR. STEPHEN HAVLOVIC,
PERSONALLY AND HIS OFFICIAL CAPACITY,
DR. WILLIAM LANGDON, PERSONALLY AND IN
HIS OFFICIAL CAPACITY,
         <u>Defendants-Appellants</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:           LAURA ETLINGER, Assistant
                          Solicitor General (<u>with</u> Barbara
                          D. Underwood, Solicitor General
                          and Anisha Dasgupta, Deputy

Solicitor General, <u>on the brief</u>), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

**FOR APPELLEE:**            MIMI C. SATTER, Satter & Andrews, LLP, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED and REMANDED.**

Defendants-Appellants The State University of New York Institute of Technology, and certain of its officials (collectively, "SUNY IT"), appeal from the judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>), entered after a jury trial, awarding Zhou damages for retaliation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Zhou, a former faculty member who was not reappointed by SUNY IT, sued alleging discrimination, a hostile work environment, and retaliation. Initially, the district court granted summary judgment in favor of SUNY IT. The court concluded that, even assuming Zhou established a <u>prima facie</u> case of discrimination and retaliation, SUNY IT "adduced admissible record evidence establishing that [Zhou] was not renewed because of his [Individualized Development and Educational Assessment] scores, student complaints, student evaluations, and the recommendations of the Peer Review Committee, Dean Havlovic, and Vice President Mullick." <u>Zhou v. State Univ. of N.Y. Inst. of. Tech.</u>, 2011 WL 4344025, at *13 (N.D.N.Y. Sept. 14, 2011). The court further found that Zhou could not demonstrate that the proffered legitimate, non-discriminatory reasons for non-renewal were pretextual.

In the earlier appeal, Zhou contested only the grant of summary judgment with respect to his retaliation claims. Emphasizing that "[w]e [were] not suggest[ing] that [the evidence] would compel a pretext finding in Zhou's favor," this Court reinstated his claims because, "viewed in the

2

light most favorable to Zhou," the facts presented a triable issue.  <u>Zhou v. State Univ. of N.Y. Inst. of Tech.</u>, 499 F. App'x 105, 107, 109-10 & n.1 (2d Cir. 2012).  At the time, this Court relied on then-current precedent establishing that, to defeat summary judgment, a plaintiff need only show that a "retaliatory motive played a part in the adverse employment actions even if it was not the sole cause."  <u>See</u> <u>id.</u> at 108 (quoting <u>Hicks v. Baines</u>, 593 F.3d 159, 164 (2d Cir. 2010)).

On remand, the district court duly instructed the jury that Zhou was required to prove that his discrimination complaint "played a substantial or motivating factor in the decision not to renew his employment contract."  This instruction, consistent with precedent, provoked no objection from SUNY IT.  The jury found in favor of Zhou and awarded damages.

While SUNY IT's post-judgment motion for judgment as a matter of law was pending, the Supreme Court instructed that "Title VII retaliation claims must be proved according to traditional principles of but-for causation, [which] . . . requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."  <u>Univ. of Texas Sw. Med. Ctr. v. Nassar</u>, 133 S. Ct. 2517, 2533 (2013).  SUNY IT received the opportunity to file a supplemental memorandum of law on <u>Nassar</u>, and argued that judgment as a matter of law--or, in the alternative, a new trial--was warranted because "given the abundance of evidence presented at trial of [Zhou's] poor teaching performance, [Zhou] 'has not, and cannot, prove that he would not have been renewed by SUNY IT in the absence of the allegedly wrongful action of [SUNY IT].'"  <u>Zhou v. State Univ. of N.Y. Inst. of Tech.</u>, 4 F. Supp. 3d 404, 419 (N.D.N.Y. 2014) (quoting Defs.' Supp. Mem. of Law, Dkt. No. 140, at 3).  The court reasoned: "[B]ased upon the evidence adduced at trial, a reasonable jury could have reached the conclusion that Defendants would not have decided not to renew Plaintiff's contract but for their retaliation against Plaintiff for his complaints . . . ."  <u>Id.</u>

We review the district court's jury instructions for plain error, but we must review them "in light of the law as it stands at the time of appeal."  <u>Rasanen v. Doe</u>, 723 F.3d 325, 338 (2d Cir. 2013); <u>see also</u> <u>Henderson v. United</u> <u>States</u>, 133 S. Ct. 1121, 1127 (2013) (observing that it is

3

"enough that an error be plain at the time of appellate consideration for that error to fall within [the] category of plain error" (internal quotation marks omitted)). In light of <u>Nassar</u>, which is the "current law, we find that the instruction given to the jury in this case was plain error," <u>Rasanen</u>, 723 F.3d at 338, and vacatur and remand is warranted.

"An error that deprive[s] the jury of adequate legal guidance to reach a rational decision on [the] case's fundamental issue constitutes plain error." <u>Id.</u> at 334-35 (internal quotation marks omitted). Here, the instructions given pursuant to our mandate "fatally subverted the trial's integrity"; and while the timing of the <u>Nassar</u> opinion "explains the district court's [instructions, it] does not alter the fact that [the instructions given] constitute[] plain error." <u>Id.</u> at 335 & n.6. Our review of the record reveals that the erroneous jury instruction may have been outcome determinative. <u>Cf.</u> <u>Cassotto v. Donahoe</u>, 2015 WL 149032, at *1 (2d Cir. Jan. 14, 2015) (rejecting challenge to grant of a new trial where "substantial or motivating factor" standard was employed in the first trial and plaintiff received a favorable verdict and the "but-for" causation test was applied in the second trial, resulting in a verdict for defendant).

For the foregoing reasons, we hereby **VACATE and REMAND** the judgment of the district court for retrial or other proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK